IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>              Plaintiff,<br><br>    vs.<br><br>TAGGERT BOYD, in his individual capacity; CORPRAL THURMAN, in his individual capacity; and DR. DANAHER, in his individual capacity,<br><br>              Defendants. | 4:20CV3046<br><br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff has filed a motion to compel discovery (Filing 43), but has not made the required showing that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." NECivR 7.1(j).[1] This rule does not contain an exception for pro se prisoners. *Stanko v. Sanchez*, No. 8:06CV510, 2007 WL 2746859, at *2 & n. 3 (D. Neb. Sept. 18, 2007). The court even advised Plaintiff of the need to comply with the personal consultation requirement in its previous Memorandum and Order (Filing 35), but Plaintiff has paid no heed to that advice.

---

[1] "This showing must also state the date, time, and place of the communications and the names of all participating persons. 'Personal consultation' means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." NECivR 7.1(j).

IT IS THEREFORE ORDERED that Plaintiff's motion to compel discovery (Filing 43) is denied.

Dated this 22nd day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge