IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TAGGART BOYD, et al.<br><br>　　　　　Defendants. | 4:20CV3046<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　Plaintiff has filed a motion for appointment of counsel (Filing 51), stating that he is unable to keep up with the progression order because he is in quarantine and has no access to the prison law library. This is confirmed by an inmate interview request form which indicates Plaintiff is unable to attend the law library because he is assigned to a housing unit gallery with a high risk for COVID 19.

　　　There is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "may" appoint counsel. *See* 28 U.S.C. § 1915(e); *Phillips*, 437 F.3d at 794; *Edgington*, 52 F.3d at 780. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 791; *Edgington,* 52 F.3d at 780. Having again considered these factors, the court concludes that appointment of counsel is not warranted at this time.

However, the court finds Plaintiff has made a sufficient showing for an extension of time to respond to Defendants' motion for summary judgment. The court will also postpone the final pretrial conference, which is currently scheduled for June 24, 2021, but will not otherwise modify the progression order because all deadlines have expired.

IT IS THEREFORE ORDERED that Plaintiff's motion to appoint counsel (Filing 51) is granted in part and denied in part, as follows:

1. Plaintiff is granted a 90-day extension of time, until August 9, 2021, to respond to Defendants' motion for summary judgment (Filing 45).

2. The final pretrial conference scheduled for June 24, 2021 (see Filing 31), is cancelled. The conference will be rescheduled as needed.

3. In all other respects, Plaintiff's motion is denied.

Dated this 27th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge